IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02170-MSK-MJW

DONALD BOSSE,

        Plaintiff,

v.

MICHAEL CHERTOFF, Secretary, Department of Homeland Security, and
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, f/k/a
United States Immigration and Naturalization Services, a Bureau of the Department
of Homeland Security,

        Defendants.

---

## OPINION AND ORDER GRANTING MOTION TO TRANSFER CASE

---

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion to Transfer

Case Pursuant to 28 U.S.C. § 1404(a) **(# 28)**, and the Plaintiff's response **(# 31)**.[1]

## FACTS

The Plaintiff was formerly employed by Defendant Citizenship and Immigration Services,

performing his duties in Calgary, Alberta, Canada. *Docket* # 2, ¶ 5. He was terminated from his

job in 2002, and commenced this suit in this Court, alleging violation of the Rehabilitation Act, 29

U.S.C. § 701 *et seq.*, as well as state-law claims for breach of contract and promissory estoppel.

On February 1, 2006, the Defendants filed a timely Answer **(# 14)** to the Amended Complaint,

---

[1]The Court's docket also indicates that the Plaintiff's Unopposed Motion for Extension of
Time to Respond **(# 30)** to the transfer motion remains pending. Because the Plaintiff has filed
that response and the Court has considered it, the Motion for Extension of Time is denied as
moot.

raising numerous affirmative defenses, but beyond a general denial of the Plaintiff's venue allegations, the Defendants did not raise an affirmative defense of improper venue.

On June 23, 2006, the Defendants filed the instant motion (# 28), seeking to transfer venue of this case to the United States District Court for the District of Montana pursuant to 28 U.S.C. § 1404(a).  In particular, the Defendants allege that: (i) at the time they filed their Answer, the Defendants mistakenly believed that the Plaintiff resided in Colorado, when, in actuality, he is a resident of Montana; (ii) although the Plaintiff's duty station was in Canada, the Plaintiff's work assignments originated from the Citizenship and Immigration Services office in Helena, Montana; and (iii) that all relevant employment decisions were made in Montana, and that the various witnesses and exhibits in this case are located in Montana.

The Plaintiff filed a timely response (# 31), conceding that the case was improperly venued in Colorado.  However, the Plaintiff argued that, because the venue in Colorado was never proper in the first instance, a transfer under 28 U.S.C. § 1404(a), which presumes correct initial venue, was unavailable.  Rather, the Plaintiff contends that a transfer to a proper venue could only be secured by means of 28 U.S.C. § 1406, but that the Defendants' failure to raise improper venue as an affirmative defense constitutes a waiver of any impropriety in the venue and precludes relief under § 1406.  In addition, the Plaintiff contends that the Defendants have not met their burden of showing that a transfer is appropriate under the particular facts of the case.

## ANALYSIS

2

## A.   Which transfer statute applies

28 U.S.C. § 1404(a) permits a court to transfer a case "to any other district or division where it might have been brought," if doing so is in the interests of justice and works to the convenience of the parties and witnesses.  28 U.S.C. § 1406(a) provides that, where "a case laying venue in the wrong division or district" is filed, the Court must dismiss that action, unless the interests of justice warrant transferring the case to another district in which it could have been brought.  Courts have concluded that § 1404 and § 1406 differ in that relief under § 1404 is proper only where the case was properly venued at its inception, whereas § 1406 is only invoked where the case was venued "in the wrong division or district" in the first place.  *See e.g. Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1368 n. 1 (11th Cir. 2003); *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1200-01 n. 4 (4th Cir. 1993).  Thus, to determine which transfer statute applies, the Court must first determine whether the case is properly venued in Colorado.

Venue is generally governed by 28 U.S.C. § 1391.  That statute provides that, in cases where the Defendants are federal agencies or officials, venue is proper in: (i) a district in which a Defendant resides; (ii) a district in which a substantial part of the events at issue occurred; or (iii) the district where the Plaintiff resides.  28 U.S.C. § 1391(e).  None of these categories are present here: the Defendants contend that no Defendant resides in Colorado; the events at issue occurred exclusively in Montana (and, arguably, Canada); and that the Plaintiff resides in Montana.  Likewise, 42 U.S.C. § 2000e-5(f)(3), invoked pursuant to 28 U.S.C. § 794a(a)(1), provides for venue in actions under the Rehabilitation Act, but none of those provisions are applicable here either.  Thus, the Court finds that venue was improperly laid in this district from the inception of this action, and 28 U.S.C. § 1406 provides the proper vehicle for considering a transfer request.

3

### B.  Whether the Defendants may seek transfer

The Plaintiff contends that, by not raising improper venue as an affirmative defense in their Answer, the Defendants have waived any objection to venue and thus, any opportunity to request transfer pursuant to § 1406.  It is undisputed that the failure to assert an affirmative defense of improper venue in a responsive pleading constitutes a waiver of that defense.  Fed. R. Civ. P. 12(h)(1).  Moreover, there is significant authority for the proposition that, once a defense of improper venue is waived, a defendant is also foreclosed from seeking a transfer under § 1406. *See e.g. Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369, 371 (2d Cir. 1966).  Thus, it would appear that the Defendants here may not seek transfer under § 1406.

However, the 10th Circuit recognizes that, in appropriate circumstances, "[a] court may *sua sponte* cure . . . venue defects by transferring a suit under the federal transfer statute[ ], 28 U.S.C. § 1406(a) . . . when it is in the interests of justice."  *Trujillo v. Williams*, 465 F.3d 1210, 1217, 1222 (10th Cir. 2006) ("*sua sponte* dismissal [or transfer] on such grounds should be reserved for those extraordinary instances when the claim's factual backdrop clearly beckons the defense"); *see also Concession Consultants*, 355 F.2d at 371 (court may *sua sponte* direct transfer in "extraordinary circumstances").  A *sua sponte* change of venue is only appropriate where the applicability of the defense of improper venue is obvious and it is clear that the plaintiff can allege no set of facts to support the assertion of venue.  *Id.* at 1217.

Here, the Court finds that sufficiently extraordinary circumstances exist to warrant a *sua sponte* transfer of venue.  Looking first to the Amended Complaint, it is clear that the Plaintiff resides in Montana, *Docket* # 2 at 14, and was employed in Canada, and that the Defendants are the Secretary of the Department of Homeland Security and a federal agency within that

4

Department.  Nothing in the Complaint asserts any facts connecting this case to Colorado, but for a factually-correct but legally-irrelevant assertion that Citizenship and Immigration Services (formerly the Immigration and Naturalization Service) "has an office in Denver, Colorado." *Id.* at ¶ 2.  Notably, the Amended Complaint contains no well-pleaded facts that would support an assertion of venue under either 28 U.S.C. § 1319(e) or 42 U.S.C. § 2000e-5(f)(3).  Thus, the Court finds that the applicability of an improper venue defense is obvious from the face of the Amended Complaint.  More importantly, the Plaintiff concedes that the case is improperly venued here.  *Docket* # 31 at 5-6, 14.  He makes no effort to assert even an arguable basis for laying venue in this court, admitting that "He mistakenly brought this case in this forum," and that "this Court presents an inappropriate forum for this case," and that "Bosse made an incorrect forum choice."  *Id.*  Although he argues that the Defendants have not shown sufficient cause for a transfer, he does so primarily on burden of proof grounds; at no time does he assert any facts that would affirmatively indicate any facts suggesting that venue <u>might</u> be legitimately laid in Colorado.

Under these circumstances, the Court finds sufficiently extraordinary circumstances exist under *Trujillo* and *Concession Consultants* to warrant a *sua sponte* transfer of this case to Montana pursuant to § 1406(a).  The Plaintiff concedes that he mistakenly filed his action here instead of Montana, and does not purport to assert that any salutary benefits would result from keeping the case in this Court.  His only opposition to a transfer springs from technical defects in the Defendants' pleadings and motion, not from any assertable interests his client or the judicial system has in hearing the case in Colorado.  Although the Court is reluctant to exercise its powers *sua sponte* to award relief to a party who is deemed to have waived the opportunity to obtain that

relief on its own, the utter lack of any substantive justification by the Plaintiff to oppose that relief constitutes sufficiently extraordinary circumstances for the Court to act *sua sponte*.

### C.  A transfer is warranted

In considering whether to grant a transfer, the Court must consider "the interests of justice." That analysis is the same under both § 1404 and § 1406. *Nichols,* 991 F.2d at 1201 n. 5. The party moving for transfer bears the burden of establishing that the current forum is inconvenient, and must overcome a strong presumption that the plaintiff's chosen forum is appropriate. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992); *Houston Fearless Corp. v. Teter*, 318 F.2d 822, 827-28 (10th Cir. 1963)*; Wise v. Lindamood*, 89 F.Supp.2d 1187, 1190-91 (D. Colo. 1999); *Kanpp v. Romer,* 909 F.Supp. 810, 812 (D. Colo. 1995).

In evaluating the motion, the Court makes an individualized, case-by-case analysis, and considers numerous factors, including: the Plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious and economical. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir.1991), *citing Texas Gulf Sulphur Co. v. Ritter,* 371 F.2d 145, 147 (10th Cir.1967).

Given the concessions in the Plaintiff's response, the Court need not engage in a labored, factor-by-factor analysis. Many of the factors – such as enforceability of any judgment and

6

preferences as to the application of local law – are neutral as to whether the case should proceed

in Colorado or Montana.  The Defendants have made a sufficient showing that most of the

witnesses and evidence relevant to this action are found in Montana; no evidence is purported to

exist in Colorado.[2]  The Plaintiff's choice of forum – which the Plaintiff defends cryptically,

arguing only that "defense counsel has never been privy to the reasoning behind Bosse's forum-

choice decision," *Docket* # 31 at 11 – appears to be entitled to little deference, as it has no

apparent connection to the issues in the case. *Cargill, Inc. v. Prudential Ins. Co. of America*, 920

F.Supp. 144, 147 (D. Colo. 1996), *citing Koster v. Lumbermens Mutual Case. Co.*, 330 U.S.

518, 527 (1947).  For all practical purposes, it appears indisputable that an employment dispute

between a Montana resident and the federal agency that employed that resident out of the

agency's office in Montana, should be adjudicated in Montana, not Colorado.  Although

discovery appears to be complete, this Court has not entered any substantive orders in this case,

and there is no judicial familiarity of the substantive facts or law of this case that would be

squandered as a result of a transfer.  Accordingly, upon a weighing of all the relevant factors, the

Court finds that the interests of justice warrant transfer to the United States District Court for the

District of Montana.

**<u>CONCLUSION</u>**

For the foregoing reasons, the Defendants' Motion to Transfer **(# 28)** is **DENIED IN**

**PART**, insofar as the Court finds that transfer pursuant to 28 U.S.C. § 1404(a) is improper and

---

[2]Arguably, all evidence produced in discovery has been delivered from Montana to the Plaintiff's counsel in Colorado.  Nevertheless, witnesses and exhibits will still need to be produced for trial, and, to the extent that the witnesses and original exhibits remain in Montana, this factor tips strongly in favor of transfer.

the Defendants have waived any right to seek transfer under 28 U.S.C. § 1406, and **GRANTED IN PART**, insofar as the Court finds that a *sua sponte* transfer of this case pursuant to § 1406 is in the interests of justice.  The Plaintiff's Unopposed Motion for Extension of Time to Respond (**# 30**) is **DENIED AS MOOT**.   The Clerk of the Court is directed to transmit the entire case file in this case to the Clerk of the United States District Court for the District of Montana, and upon effectuating such a transfer, to close this case.

Dated this 8th day of February, 2007

BY THE COURT:

Marcia S. Krieger
United States District Judge

8